UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NANCY ABBIE TALLENT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE HAWAII )<br>INSURANCE CORPORATION )<br>d/b/a PROGRESSIVE INSURANCE, )<br>)<br>Defendant. ) | No.: 3:23-CV-93-TAV-JEM |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed her pro se complaint on March 14, 2023 [Doc. 1]. Defendant has filed no responsive pleadings to date, and the record contains no evidence that defendant has been properly served with process under the Federal Rules of Civil Procedure.[1] After granting plaintiff several extensions of the deadline to effectuate service of process on defendant, the Court granted a fifth extension on October 31, 2023 [Doc. 46]. Plaintiff was ordered to serve defendant within 30 days and was cautioned that another extension would not be granted absent extraordinary circumstances [*Id.* at 11]. After more than 30 days passed, the record did not indicate that defendant was served with process, and plaintiff did not notify the Court of any extraordinary circumstance that prevented her from effectuating service. As a result, on December 7, 2023, the Court ordered plaintiff to provide evidence

---

[1] Defendant, through counsel, filed a notice of appearance and a motion to dismiss for lack of service of process under Federal Rule of Civil Procedure 12(b)(5) on October 31, 2023 [Docs. 47, 49]. The Court then granted defendant's motion to withdraw its motion after the Court granted plaintiff a fifth extension of time to serve defendant [Docs. 51, 58].

that that defendant was served with process within 10 days [Doc. 60]. Plaintiff was cautioned that failure to timely comply with the order may result in the dismissal of this action without further notice. [*Id.* at 2 (citing Fed. R. Civ. P. 4(m), 41(b))].

More than 10 days have passed, and plaintiff has failed to respond to the Court's show cause order. Plaintiff also has failed to demonstrate that she has served defendant despite being given ample opportunities to do so.

Under the circumstances, the Court finds dismissal of plaintiff's action appropriate pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) ("District courts are empowered to dismiss actions when a litigant fails to comply with a court order or fails to prosecute a case.").

The Sixth Circuit directs district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

Here, plaintiff failed to (1) effect service of process on defendant in the time permitted under Rule 4(m), and (2) comply with the Court's show cause order. Plaintiff's failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"); *Daniels v. Napoleon*, No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). The Court further finds that plaintiff's failure to respond is due to willfulness, bad faith, or fault; that plaintiff was warned that failure to respond would lead to dismissal; and that the Court considered less drastic sanctions but found that they would be ineffective under these circumstances. *See Fuller*, 468 F. App'x at 588.

3

In light of the above, this case is thus **DISMISSED without prejudice** for failure to prosecute and for failure to follow the Court's orders. The Clerk of Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4